IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FOUR MILE BAY LLC, | ) |
| | ) CASE NO. 3:15-cv-00063-PPS-CAN |
| *Plaintiff*, | ) |
| | ) |
| *v*. | ) HON. PHILIP P. SIMON |
| | ) |
| ZIMMER HOLDINGS, INC., | ) |
| | ) **JURY DEMAND** |
| *Defendant*. | ) |
| | ) |

**DEFENDANT ZIMMER HOLDINGS, INC.'S ANSWER TO PLAINTIFF FOUR MILE BAY LLC'S COMPLAINT, AND COUNTERCLAIMS**

For its Answer to Plaintiff Four Mile Bay LLC's ("Plaintiff" or "FMB") Complaint, and its Counterclaims, Defendant Zimmer Holdings, Inc. ("Zimmer"), by its undersigned attorneys, states as follows:

### ANSWER TO THE COMPLAINT

As set forth below, pursuant to N.D. IND. L.R. 10-1(a), Zimmer answers the allegations in Plaintiff's Complaint by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of each of the pertinent paragraphs within the Complaint in single-spaced, **bold typeface**, immediately followed by Zimmer's answer(s) thereto. Zimmer's reproduction herein of any material set forth in Plaintiff's Complaint is solely for the purpose of convenience and is not, and should not be construed as, an admission by Zimmer that any allegations or other statements in the Complaint, whether explicit or implied, are true, correct, or admitted by Zimmer. All allegations in Plaintiff's Complaint that Zimmer does not expressly admit or deny, below, are hereby denied.

### [I.     NATURE OF THE ACTION]

1.     This is a patent-infringement action by FMB against Zimmer, a manufacturer and marketer of reconstructive orthopedic implants, including hip implants. As detailed below, FMB has been harmed by Zimmer's unlawful use of FMB's patents for commercial purposes.

ANSWER:     Zimmer admits that FMB purports to bring "a patent-infringement action . . . against Zimmer," but Zimmer denies the merit and validity of FMB's underlying allegations and claims. Zimmer Holdings, Inc. denies that it is "a manufacturer and marketer of reconstructive orthopedic implants, including hip implants." Zimmer denies the remaining allegations in paragraph 1.

### [II.     JURISDICTION AND VENUE]

2.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

ANSWER:     Zimmer admits that FMB purports to bring an "action aris[ing] under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*." Zimmer admits that "[t]his Court . . . has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)," but Zimmer denies the merit and validity of Plaintiff's claims for which subject matter jurisdiction may be had pursuant to those statutes. Zimmer denies any remaining allegations in paragraph 2.

3.     This Court may exercise personal jurisdiction over Zimmer. Zimmer's principal place of business is located in Warsaw, Indiana. Zimmer conducts continuous and systematic business in Indiana and this District.

ANSWER:     Zimmer admits that "[t]his Court may exercise personal jurisdiction over Zimmer" and that "Zimmer's principal place of business is located in Warsaw, Indiana." Zimmer denies the remaining allegations in paragraph 3.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and 1400(b).

ANSWER: Zimmer admits that "[v]enue is proper under 28 U.S.C. §§ 1391(b)(1) and 1400(b)," but Zimmer denies the merit and validity of FMB's claims for which venue may be had pursuant to those statutes.

### [III. PARTIES]

[*Plaintiff*]

5. FMB is a limited liability company organized under the laws of Nevada. FMB's principal place of business is located in Wadsworth, Ohio.

ANSWER: Zimmer is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies them.

[*Defendant*]

6. Zimmer is a corporation organized under the laws of Delaware, with its principal place of business located in Warsaw, Indiana. Zimmer designs, develops, manufactures, and markets, among other things, hip implants.

ANSWER: Zimmer admits that it "is a corporation organized under the laws of Delaware, with its principal place of business located in Warsaw, Indiana." Zimmer Holdings, Inc. does not conduct the activities set forth in the second sentence of paragraph 6 and, therefore, Zimmer denies the allegations therein.

### [IV. CLAIMS OF PATENT INFRINGEMENT]

7. FMB owns United States Patent No. 8,821,582 (the "'582 patent") attached hereto as Exhibit A.

ANSWER: Zimmer admits that an uncertified copy of U.S. Patent No. 8,821,582 (the "'582 Patent") is attached as Exhibit A to FMB's Complaint. Zimmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and, therefore, denies them.

US.56192201.02

**8.     On September 2, 2014, the '582 patent issued for an invention in a method of machining, fabricating, and attaching components of a hip implant with a porous body. FMB owned the '582 patent throughout the period of Zimmer's infringing acts and still owns the '582 patent.**

ANSWER:   Zimmer admits that the face of the '582 Patent shows an issue date of September 2, 2014, and a title of "HIP IMPLANT WITH POROUS BODY."  Zimmer denies that it has committed any "infringing acts" with respect to the '582 Patent or otherwise.  Zimmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and, therefore, denies them.

**9.     Zimmer has infringed and is still infringing the '582 patent by making, selling, and using hip implants—such as the Trabecular Metal Primary Hip Prosthesis—that embody the patented invention.**

ANSWER:   Zimmer denies the allegations in paragraph 9.  In particular, Zimmer Holdings, Inc. does not make, use, sell, offer for sale, or import hip implants, including without limitation the accused Trabecular Metal Primary Hip Prosthesis.

**10.    FMB owns United States Patent No. 8,506,642 (the "'642 patent") attached hereto as Exhibit B.**

ANSWER:   Zimmer admits that an uncertified copy of U.S. Patent No. 8,506,642 (the "'642 Patent") is attached as Exhibit B to FMB's Complaint.  Zimmer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and, therefore, denies them.

**11.    On August 13, 2013, the '642 patent issued for an invention of a hip implant with a porous body. FMB owned the '642 patent throughout the period of Zimmer's infringing acts and still owns the '642 patent.**

ANSWER:   Zimmer admits that the face of the '642 Patent shows an issue date of August 13, 2013, and a title of "HIP IMPLANT WITH POROUS BODY."  Zimmer denies that it has committed any "infringing acts" with respect to the '642 Patent or otherwise.  Zimmer is

-4-

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, denies them.

**12.    Zimmer has infringed and is still infringing the '642 patent by making, selling, and using hip implants—such as the Trabecular Metal Primary Hip Prosthesis—that embody the patented invention.**

ANSWER:    Zimmer denies the allegations in paragraph 12.  In particular, Zimmer Holdings, Inc. does not make, use, sell, offer for sale, or import hip implants, including without limitation the accused Trabecular Metal Primary Hip Prosthesis.

### [V.    JURY DEMAND]

13.    No response to FMB's Jury Demand is required and, therefore, Zimmer does not respond.

### [VI.    REQUEST FOR RELIEF]

14.    In response to Plaintiff's Request for Relief, and paragraphs (A) through (D) thereof, Zimmer respectfully requests that the Court deny, in all respects, Plaintiff's claims and any other requests for relief; that Plaintiff take nothing by way of its claims and any other requests for relief; that Plaintiff's Complaint, and all claims therein, be dismissed with prejudice; and that the Court enter judgment in favor of Zimmer and against Plaintiff on all claims asserted by Plaintiff.

### ZIMMER'S DEFENSES

15.    Zimmer hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in its answers to paragraphs 1–14, above.  Without admitting or acknowledging that it bears the burden of proof as to any of them, Zimmer asserts at least the following defenses to FMB's claims.  Further, Zimmer specifically reserves all rights to assert additional defenses that become known through the course of discovery.

**FIRST DEFENSE: FAILURE TO STATE A CLAIM**

16. Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE: NON-INFRINGEMENT**

17. Zimmer does not infringe, and has never infringed, any valid claim of the '582 Patent or the '642 Patent (collectively, the "Asserted Patents"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and, as such, is without any liability to FMB.

**THIRD DEFENSE: INVALIDITY**

18. Plaintiff's claims are barred, because each claim of the Asserted Patents is invalid for failing to meet and/or comply with one or more of the conditions and requirements of the patent laws and regulations, including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1 *et seq*. Zimmer reserves the right to assert any other basis for invalidity that becomes known through the course of discovery.

**FOURTH DEFENSE: DISCLAIMER/DISAVOWAL OF CLAIM SCOPE**

19. By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the Asserted Patents and any related patents, and/or by virtue of statements made within one or more of the specifications thereof, Plaintiff has disclaimed and/or disavowed the full scope of any allegedly infringed claim of the Asserted Patents and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by, Zimmer.

### FIFTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL

20. By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the Asserted Patents and any related patents, Plaintiff is estopped, under the doctrine of prosecution history estoppel, from construing any allegedly infringed claim of the Asserted Patents to cover or include under the doctrine of equivalents any product, system, or service of, or any method performed in whole or in part by, Zimmer.

### SIXTH DEFENSE:  EQUITABLE DOCTRINES

21. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### SEVENTH DEFENSE:  LIMITATIONS ON DAMAGES

22. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

### ZIMMER'S COUNTERCLAIMS

23. Zimmer Holdings, Inc. ("Zimmer") hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in its answers to paragraphs 1–22, above.

24. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Zimmer counterclaims against Plaintiff Four Mile Bay LLC ("Plaintiff" or "FMB") and, in support thereof, alleges as follows:

25. This is a declaratory judgment action seeking a declaration of non-infringement and invalidity of U.S. Patent Nos. 8,821,582 (the "'582 Patent") and 8,506,642 (the "'642 Patent") (collectively, the "Asserted Patents").

US.56192201.02

## I.   PARTIES

26.     Defendant and Counterclaim Plaintiff Zimmer Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 345 East Main Street, Warsaw, Indiana 46580.

27.     According to paragraph 5 of its Complaint in this matter, Plaintiff and Counterclaim Defendant FMB "is a limited liability company organized under the laws of Nevada" having a "principal place of business . . . located in Wadsworth, Ohio."

## II.   JURISDICTION AND VENUE

28.     These claims arise under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

29.     This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331, 1338(a), and 2201(a).  This Court may declare the rights and other legal relations of the parties, pursuant to the provisions of the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, because this is a case of actual controversy within the Court's jurisdiction seeking a declaratory judgment that the Asserted Patents are not infringed and are invalid.

30.     This Court has personal jurisdiction over FMB at least for the reasons that (a) FMB has consented to such jurisdiction by initiating this action and filing its Complaint in this action against Zimmer in this Court, and (b) on April 15, 2014, FMB availed itself of the privilege of this Court by initiating an action against Zimmer and one of its wholly-owned subsidiaries in this Court alleging infringement of U.S. Patent No. 8,684,734:  *Four Mile Bay LLC v. Zimmer Holdings, Inc. & Zimmer Dental Inc.*, No. 3:14-cv-01300-JVB-JEM, which is currently pending.

31.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).

### III.  ACTUAL CONTROVERSY

32. On February 6, 2015, FMB filed its Complaint against Zimmer in this matter, alleging ownership of the Asserted Patents, (*see* Complaint ¶¶ 7, 10); alleging that the Asserted Patents relate to "a hip implant with a porous body," (*see id.* ¶¶ 8, 11); and further alleging infringement of the Asserted Patents by Zimmer's "Trabecular Metal Primary Hip Prosthesis," (*see id.* ¶¶ 9, 12).

33. In view of FMB's allegations with respect to the Asserted Patents and against Zimmer, there exists a case of actual and justiciable controversy within this Court's jurisdiction between Zimmer and FMB regarding the alleged infringement and validity of the Asserted Patents, which requires a declaration of rights by this Court.

34. In view of FMB's allegations with respect to the Asserted Patents and against Zimmer, a real, definite, concrete, and substantial dispute has arisen that touches upon the legal relations of Zimmer and FMB, who have adverse legal interests in the dispute and its resolution.

35. The dispute between Zimmer and FMB admits of specific relief through a decree of a conclusive character and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*

### IV.  COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

36. Zimmer hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in its answers to paragraphs 1–35, above.

37. For all the reasons set forth in its answers to paragraphs 1–36, above, Zimmer does not infringe, and has never infringed, any valid claim of the Asserted Patents, whether literally, indirectly, jointly with any other person or entity, contributorily, by inducement, under

the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and, as such, is without any liability to FMB.

38.     Because there exists an actual and justiciable controversy regarding Zimmer's alleged infringement of the Asserted Patents, this Court should issue a declaration that Zimmer does not infringe, and has never infringed, any valid claim of the Asserted Patents for one or more of the reasons set forth in paragraphs 1–37, above.

### V.     COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

39.     Zimmer hereby realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in its answers to paragraphs 1–38, above.

40.     For all the reasons set forth in Zimmer's answers to paragraphs 1–39, above, each claim of the Asserted Patents is invalid for failing to meet and/or comply with one or more of the conditions and requirements of the patent laws and regulations, including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1 *et seq*.

41.     Because there exists an actual and justiciable controversy regarding the validity of the Asserted Patents, this Court should issue a declaration that each claim of the Asserted Patents is invalid for one or more of the reasons set forth in paragraphs 1–40, above.

## PRAYER FOR RELIEF

**WHEREFORE**, Zimmer respectfully requests that the Court deny, in all respects, FMB's claims and other requests for relief; that FMB take nothing by way of its claims and other requests for relief; that FMB's Complaint, and all claims therein, be dismissed with prejudice; that the Court enter judgment in favor of Zimmer on all counterclaims asserted by Zimmer and against FMB on all claims asserted by FMB; and that the Court enter a judgment:

A.  Finding that FMB should take nothing by way of its Complaint;

B.  Finding that Zimmer does not infringe, and has never infringed, any valid claim of the Asserted Patents, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271;

C.  Finding that all asserted claims of the Asserted Patents are invalid;

D.  Finding that all asserted claims of the Asserted Patents are unenforceable against Zimmer and no damages for any alleged past infringement of the Asserted Patents by Zimmer can be recovered by FMB because such damages are barred by the equitable doctrines of laches, waiver, estoppel, and/or other equitable doctrines;

E.  Enjoining FMB, its counsel, its officers, and any and all persons in active concert or participation with it, either directly or indirectly, from charging infringement of, or instituting any action for infringement of, the Asserted Patents against Zimmer, its vendors, its business partners, its distributors, or its customers for the manufacture, use, sale, offer for sale, or importation of Zimmer's products, systems, and/or services that FMB accuses of infringing the Asserted Patents;

  F. Awarding Zimmer its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, Rule 54(d) of the Federal Rules of Civil Procedure, and any other applicable statutes or rules; and

  G. Awarding Zimmer such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Zimmer respectfully requests a trial by jury on all issues so triable.

Dated:  April 27, 2015        Respectfully submitted,

                /s/  *Daniel M. Lechleiter*
                Ken Liebman (*pro hac vice to be filed*)
                  Minnesota Bar No. 236731
                **FAEGRE BAKER DANIELS LLP**
                2200 Wells Fargo Center
                90 South Seventh Street
                Minneapolis, Minnesota  55402-3901
                Telephone:  (612) 766-7000
                Facsimile:   (612) 766-1600
                E-mail:  Ken.Liebman@FaegreBD.com

                Daniel M. Lechleiter
                  Indiana Bar No. 25675-49
                Trenton B. Morton
                  Indiana Bar No. 30777-49
                **FAEGRE BAKER DANIELS LLP**
                300 North Meridian Street, Suite 2700
                Indianapolis, Indiana  46204-1750
                Telephone:  (317) 237-0300
                Facsimile:   (317) 237-1000
                E-mail:  Daniel.Lechleiter@FaegreBD.com
                   Trenton.Morton@FaegreBD.com

                *Counsel for Defendant Zimmer Holdings, Inc.*

US.56192201.02

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2015, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following attorneys of record:

>Joseph J. Siprut
>Gregg M. Barbakoff
>Matthew Wawrzyn
>Stephen C. Jarvis
>**SIPRUT PC**
>jsiprut@siprut.com
>gbarbakoff@siprut.com
>mwawrzyn@siprut.com
>sjarvis@siprut.com

>>*/s/ Daniel M. Lechleiter*

US.56192201.02